FILED

2017 Jun-20  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| WILLIAM DAVIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| UNITED AUTO DELIVERY AND | ) | |
| RECOVERY, INC.; WELLS | ) | |
| FARGO BANK, N.A., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, William Davis, by and through undersigned counsel, and for his complaint states as follows:

### STATEMENT OF THE PARTIES

1.    Plaintiff, WILLIAM DAVIS, is over the age of nineteen (19) years old and is a resident of the city of Odenville, in St. Clair County, Alabama.

2.    Defendant UNITED AUTO DELIVERY AND RECOVERY, Inc. (hereinafter "UAR") is a foreign corporation formed under the laws of the State of Tennessee and with a principal address in the State of Tennessee. UAR is qualified to do business in the state of Alabama and was, at all

times relevant herein, doing business in the state of Alabama and in this

District.  UAR is, upon information and belief, in the business of

automobile repossessions and is a "debt collector" as that term is defined by

the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

3.      Defendant WELLS FARGO BANK, N.A.. (hereinafter "Wells Fargo") is a

foreign corporation qualified to do business in the state of Alabama and that

was, at all times relevant herein, doing business in the state of Alabama.

Wells Fargo is, upon information and belief, in the business of providing

loans for the purchase of vehicles to consumers such as Plaintiff.

### STATEMENT OF FACTS

4.      Plaintiff entered into a security agreement for the purchase of a 2011

Chevrolet Equinox ("Vehicle")  bearing VIN 2CNALFECXB6391952 with

Defendant Wells Fargo.

5.      The Vehicle provided the security interest for the security agreement

between the Plaintiff and Wells Fargo.

6.      At some point prior to April 6, 2017, Plaintiff breached the terms of the

security agreement and Wells Fargo arranged for UAR to take non-judicial

self-help action in order to take possession of the Vehicle.

7.      At the time of the incidents made the basis of this lawsuit, UAR and its

employees/agents were operating as agents for Wells Fargo.

8.      The debt of the Plaintiff claimed by the Defendants was incurred for

personal, family or household services and is a "debt" as defined by the

FDCPA at 15 U.S.C. § 1692a(5).

9.      UAR regularly collects or attempts to collect debts/security interests owed

or due or asserted to be owed or due to another.

10.     UAR and its employees or agents are debt collectors subject to the

provisions of the FDCPA.

11.     In the course of attempting to take possession of the Vehicle from the

Plaintiff UAR and its agents or employees acted in a manner which violated

the FDCPA.

12.     On or about April 6, 2017, UAR through its employees or agents attempted

to use non-judicial self help action in order to take possession of the

Vehicle from the Plaintiff.

13.     In the course of attempting to repossess the Vehicle, UAR's agents or

employees caused significant damage to Plaintiff's home, yard, fence,

personal property and the Vehicle.

14.     UAR's agents or employees failed to take possession of the vehicle and

abandoned the damaged Vehicle on Plaintiff's property after causing his

home and personal property to be severely damaged.

15.     UAR's agents and employees breached the peace in and about their efforts

to repossess the Vehicle.

## COUNT ONE
### (NEGLIGENCE)

16.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

17.    Defendants were under a duty to not breach the peace and to not damage

Plaintiff's home and personal property in and about their efforts to use non-

judicial self-help in repossessing the Vehicle.

18.    The Defendants breached that duty.

19.    At all times pertinent, UAR was acting as the agent of and for the benefit of

Defendant Wells Fargo.  UAR's acts and omissions were undertaken in the

line and scope of the principal/agent relationship that existed between UAR

and Wells Fargo.   Further, repossessing a vehicle with non-judicial self-

help constitutes a non-delegable duty.  For these reasons, Wells Fargo is

liable to the Plaintiff directly and pursuant to the doctrine of *respondeat*

*superior*.

20.    As a result of Defendants' negligence, Plaintiff was caused to suffer

damage including but not limited to: physical injury, worry, stress, anxiety,

embarrassment, physical pain, mental anguish and emotional distress.

21.    Wherefore, Plaintiff seeks judgment in his favor against Defendants for

compensatory damages in such a sum as the jury may assess along with

such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

22.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23.   Defendants acted wantonly when, in the course of attempting to repossess

Plaintiff's vehicle on behalf of Defendant Titlemax, it's employees and

agents damaged Plaintiff's home, personal property and the Vehicle.

24.   Defendants wantonly breached the peace in the course of attempting to

repossess Plaintiff's vehicle.

25.   At all times pertinent, UAR was acting as the agent of and for the benefit of

Defendant Wells Fargo.  UAR's acts and omissions were undertaken in the

line and scope of the principal/agent relationship that existed between UAR

and Wells Fargo.   Further, repossessing a vehicle with non-judicial self-

help constitutes a non-delegable duty.  For these reasons, Wells Fargo is

liable to the Plaintiff directly and pursuant to the doctrine of *respondeat*

*superior*.

26.   As a result of Defendants' acts and omissions detailed herein, Plaintiff was

caused to suffer damage including but not limited to: physical injury, worry,

stress, anxiety, embarrassment, physical pain, mental anguish and emotional

distress.

27.     Wherefore, Plaintiff seeks judgment in his favor against Defendants for

compensatory and punitive damages in such a sum as the jury may assess

along with such other and further relief as may be necessary, just and

proper.

**COUNT THREE**
**TRESPASS**

28.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

29.     At the time of the incidents made the basis of this lawsuit, Defendant UAR

intentionally entered Plaintiff's property without his consent or,

alternatively, UAR's actions on Plaintiff's property exceeded any authority

it may have had to be upon Plaintiff's property.

30.     The illegal entries by UAR's employees or agents onto Plaintiff's property

caused him harm.

31.     At all times pertinent, UAR was acting as the agent of and for the benefit of

Defendant Wells Fargo.  UAR's acts and omissions were undertaken in the

line and scope of the principal/agent relationship that existed between UAR

and Wells Fargo.   Further, repossessing a vehicle with non-judicial self-

help constitutes a non-delegable duty.  For these reasons, Wells Fargo is

liable to the Plaintiff directly and pursuant to the doctrine of *respondeat*

*superior*.

32.     As a result of Defendants' acts and omissions detailed herein, Plaintiff was

        caused to suffer damage including but not limited to: physical injury, worry,

        stress, anxiety, embarrassment, physical pain, mental anguish and emotional

        distress.

33.     Wherefore, Plaintiff seeks judgment in his favor against Defendants for

        compensatory and punitive damages in such a sum as the jury may assess

        along with such other and further relief as may be necessary, just and

        proper.

**COUNT FOUR**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**AGAINST DEFENDANT UAR**

34.     Plaintiff incorporates by reference all of the above paragraphs of this

        Complaint as though fully stated herein.

35.     Defendant UAR is a debt collector as that term is defined by the Fair Debt

        Collection Practices Act at 15 U.S.C. §1692(a)(6).

36.     The foregoing acts and omissions of Defendant UAR and its employees and

        agents constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6), with

        respect to Plaintiff.

37.     15 U.S.C. § 1692f(6) prohibits taking any nonjudicial action to effect

        dispossession of property if there is no present right to possession of the

        property.

38.     Once UAR's employees or agents breached the peace, they lost any right to use non-judicial self-help to repossess the vehicle and violated the FDCPA.

39.     As a direct and proximate result of the wrongful conduct visited upon him by UAR in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

40.     As a result of Defendant UAR's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant UAR.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

41.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

43.     The Defendants knew or should have known that said conduct was improper and violated the law.

44.     The Defendants negligently failed to train and/or negligently failed to

supervise their employees or agents in order to prevent said improper and illegal conduct.

45.     Defendants negligently failed to train and supervise their employees with regard to repossessing vehicles.

46.     As a result of Defendants' negligence, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

47.     Wherefore, Plaintiff seeks judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

50.     The Defendants knew or should have known that said conduct was improper and violated the law.

51.     The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to

prevent said improper and illegal conduct.

52.     Defendants recklessly and wantonly failed to train and supervise their

        employees regard to repossessing vehicles.

53.     As a result of Defendants' reckless and wanton conduct, Plaintiff suffered

        harm including, but not limited to, stress, anxiety, embarrassment, physical

        injury, mental anguish and emotional distress.

54.     Wherefore, Plaintiff seeks judgment in his favor against Defendants for

        damages in such a sum as the jury may assess along with such other and

        further relief as may be necessary, just and proper.

### COUNT SEVEN
### INVASION OF PRIVACY

55.     Plaintiff incorporates by reference all of the above paragraphs of this

        Complaint as though fully stated herein.

56.     Defendants and/or their agents intentionally and/or negligently interfered,

        physically or otherwise, with the solitude, seclusion and or private concerns

        or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt

        and thereby invaded Plaintiff's privacy.

57.     Defendants and their agents intentionally and/or negligently caused

        emotional harm to Plaintiff by engaging in highly offensive conduct in the

        course of attempting to repossess the Vehicle when they knew or should

        have known that their efforts to repossess the Vehicle would result in

damage to Plaintiff's home and personal property thereby invading and intruding upon Plaintiff's right to privacy.

58.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and home.

59.     The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

60.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to punitive and actual damages in an amount to be determined at trial from Defendants.

61.     At all times pertinent, UAR was acting as the agent of and for the benefit of Defendant Wells Fargo.  UAR's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between UAR and Wells Fargo.   Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty.  For these reasons, Wells Fargo is liable to the Plaintiff directly and pursuant to the doctrine of *respondeat superior*.

62.     Wherefore, Plaintiff seeks judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and

further relief as may be necessary, just and proper.

## COUNT EIGHT
## VIOLATION OF THE U.C.C. AGAINST DEFENDANT WELLS FARGO

63.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

64.    Wells Fargo's manner of repossessing the Vehicle was a breach of the

peace in violation of Ala. Code § 7-9A-609.

65.    As a proximate cause of Wells Fargo's wrongful conduct, the Plaintiff has

been damaged.

66.    Wherefore, Plaintiff seeks judgment in his favor against Wells Fargo for

damages in such a sum as the jury may assess along with such other and

further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,**  Plaintiff claims damages of the

Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus

interest, costs, reasonable attorney's fees and any such other and further relief allowable

by law and as this court deems proper and/or necessary.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

                              /s/ *W. Whitney Seals*
                              W. WHITNEY SEALS,
                              Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
William Davis
361 McMillan Dr.
Odenville, AL 35120

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**UNITED AUTO DELIVERY AND RECOVERY, INC.**
C/O Registered Agent
Haley Poston
5280 Pinson Valley Pkwy.
Birmingham, AL 35215

**WELLS FARGO BANK, N.A.**
C/O Registered Agent
Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104